# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMESH SHAH,<br><br>             Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br>WARDEN BURKHOLTZ,<br><br>             Respondents. | Case No. 2:21-CV-03953-VAP (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

     Petitioner is a federal inmate serving a sentence imposed by the United States District Court for the Southern District of California. (ECF 1 at 2.) He is currently incarcerated at the Federal Correctional Institution in Lompoc, California. On May 5, 2021, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

     The petition does not purport to challenge Petitioner's conviction or sentence. Instead, it challenges prison conditions. (ECF 1 at 2.) According to Petitioner, officials at FCI Lompoc have failed to provide him with a "no meat" diet consistent with his religious diet (also known as alternative diet program). Specifically, Petitioner alleges that he is a Hindu vegetarian, and he has notified BOP officials of his religious dietary needs with a no-meat food option. Nevertheless, on eleven

occasions, petitioner was served meat in his food box, causing him to skip meals and leading him to "starvation." (ECF 1 at 3-4.)

In addition, Petitioner alleges that he was placed in a Covid quarantine unit which was filthy with "food and accessories left by previous inmates, resulting in nausea and vomiting." (ECF 1 at 4.) Petitioner alleges that the conditions of the isolation unit caused him mental trauma. (ECF 1 at 4.)

For the following reasons, the petition is summarily dismissed. *See* Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## DISCUSSION

Habeas corpus "is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-489 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927-929 (9th Cir. 2016) (en banc). On the other hand, a challenge to the conditions of confinement does not fall within the "core" of habeas corpus; instead, such challenge must be raised in a civil rights action. *Nettles*, 830 F.3d at 931-934. Accordingly, Petitioner's claims, all of which challenge allegedly unlawful conditions of his confinement, may not be brought by way of a habeas corpus action. Petitioner may attempt to assert such claims through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

While a federal court has discretion to construe a habeas corpus petition as a civil rights complaint, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam), the Court declines to do so in this case. *See Nettles*, 830 F.3d at 936 (district court may construe a petition for habeas corpus as a civil rights action after notifying and obtaining informed consent from the prisoner). To begin with, the petition does

not appear to name "the correct defendants." The petition names the United States of America and the Warden as Respondent, rather than the prison officials of whose alleged actions or inaction Petitioner complains. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (federal inmate's habeas petition challenging deficient medical care was not amenable to conversion to a civil rights action because inmate had named the warden as the respondent).

More importantly, because a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – including filing fees and restrictions on future filings – recharacterization may be "disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 935-936 (quoting *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011)). Accordingly, conversion of the present petition into a *Bivens* complaint would be inappropriate. *See, e.g., Nunez v. Pliler,* 2020 WL 5880461, at *2 (C.D. Cal. Oct. 1, 2020) (conversion of habeas corpus petition into a *Bivens* complaint inappropriate where petition did not name prison officials and considering significant difference in procedural requirements between habeas corpus and civil rights actions); *Jorgenson v. Spearman*, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters").

For the foregoing reasons, IT IS ORDERED that this action be dismissed without prejudice.

DATED: May 19, 2021

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE